859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond MADDOX, Plaintiff-Appellant,
v.
Arnold J. HOPKINS, Commissioner, George H. Collins, Ex
Warden, Maryland Penitentiary, Classification Supervisor,
Maryland Penitentiary, Classification Counselor, Maryland
Penitentiary, Last two defendants name unknown John Does's,
Defendants-Appellees.
 No. 88-7670.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 5, 1988.
Decided Sept. 16, 1988.
 
 Raymond Maddox, appellant pro se.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Maddox, a Maryland inmate, appeals from the district court's order dismissing his suit filed pursuant to 42 U.S.C. Sec. 1983 as barred by Maryland's three-year statute of limitations. We affirm.
 
 
 2
 Maddox filed his Sec. 1983 complaint on April 21, 1988, alleging that his constitutional rights were violated when, beginning in 1982, he was forced to work in the prison bakery although the defendants prison officials knew that he suffered from a physical disability. According to the complaint, the work aggravated Maddox's leg problems, resulting in the amputation of one of his legs in January, 1984, and the uselessness of his other leg. The complaint indicated that, prior to instituting the Sec. 1983 suit, Maddox filed a claim asserting his cause of action in the "Sundry Claims Board," and that the board denied the claim on January 30, 1987. The district court, reasoning that Maddox's cause of action accrued at the latest when his leg was amputated, dismissed the suit as being untimely.
 
 
 3
 On appeal, Maddox contends that the time his administrative claim was pending before the Sundry Claims Board should be excluded from the three-year period he had to file the Sec. 1983 suit, thereby rendering the suit timely. This contention lacks merit. In the absence of a state law tolling the statute of limitations for personal injuries during the pendency of administrative proceedings, the limitation period is not suspended by such proceedings. Board of Regents v. Tomanio, 446 U.S. 478 (1980); Patsy v. Florida Bd. of Regents, 457 U.S. 496, 514 n. 17 (1982). Maryland has no such tolling provision. That the district court could have required exhaustion of administrative remedies under 42 U.S.C. Sec. 1997e if Maddox had filed his Sec. 1983 claim before initiating administrative procedures makes no difference. An order to exhaust administrative remedies under Sec. 1997e is discretionary with the district court. As nothing precluded Maddox from filing his Sec. 1983 suit immediately after accrual of the cause of action, we affirm the order of the district court. See Tomanio, 446 U.S. at 490-91; cf. Felder v. Casey, 56 U.S.L.W. 4689 (U.S. June 22, 1988) (No. 87-526) (state notice-of-claim statute which required giving governmental unit defendant notice of claim within the statutory period before filing a Sec. 1983 suit in state court held unconstitutional).
 
 
 4
 Maddox's motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.